UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY WITHAM
    Plaintiff,

v.

CITY OF SALEM, MAYOR STANLEY USOVICZ,
OFFICER PATRICIA MURPHY,
CHIEF ROBERT ST. PIERRE,
OFFICER DUBIEL and OFFICER SHAFFAVAL,
    Defendants,

**NOTICE OF REMOVAL**

To:    United States District Court
        District of Massachusetts

    The petition of the defendants, assert:

1.    On or about January 28, 2005, plaintiff commenced a civil action against the defendants in the Superior Court of the Commonwealth of Massachusetts, County of Essex, entitled **Jeffrey Witham v. City of Salem, et al**, Essex Superior Court CA No. 05-C-0171. A copy of the Complaint, and the Summons served on the defendant is attached hereto.

2.    The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983, and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. Section 1441. This is an action alleging claims including those arising out of the Constitution of the United States. The defendants file this Notice of Removal within thirty (30) days of receipt of plaintiff's Complaint and service of Summons upon them pursuant to 28 U.S.C. Section 1446(b).

3.    Written notice of the filing of this Notice shall be promptly served upon the plaintiff and filed with the Clerk of the Essex County Superior Court pursuant to 28 U.S.C. Section 1446(d).

4.  Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

**WHEREFORE,** petitioners respectfully pray that the action now pending against them in the Superior Court of the Commonwealth of Massachusetts in and for the County of Essex, be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this ___ day of _____, 2005.

Defendants,<br>
By their Attorney,<br><br>
_____<br>
Douglas I. Louison   BBO# 545191<br>
James W. Simpson, Jr. BBO#634344<br>
MERRICK, LOUISON & COSTELLO<br>
67 Batterymarch Street<br>
Boston, MA 02110<br>
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Douglas I. Louison, hereby certify that on the ___ day of _____, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to **John MacLachlan, Esquire**, MACLACHIAN & ALLEN, LLP, 201 Washington Street, Suite 4, Salem, MA 01970.

_____
Douglas I. Louison

2

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 5 0171

Jeffrey Witham ........................................, Plaintiff(s)

v.

City of Salem; Stanley Usovicz; Officer Patricia Murphy, Defendant(s)
Officer Robert St. Pierre; Officer Dubiel; Officer Sheffaun|

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon John MacLachlan plaintiff's attorney, whose address is 201 Washington St., Ste. 4, Salem MA 01970, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem Superior either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse** Esquire, at Salem, the
day of                     , in the year of our Lord two thousand

TRUE ATTEST COPY
DEPUTY SHERIFF
2-11-05

Clerk

(LS)

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

# COVER SHEET

**Superior Court Department**
County: Essex

**PLAINTIFF(S)**
Jeffery Wilson

**DEFENDANT(S)**
City of Salem, Patricia Murphy, Robert St. Pierre, Officer Dubiel and Officer Shafloval

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
John G. MacLachlan, Esq. -
MacLachlan & Allen, LLP, 201 Washington Street, Suite 4, Salem, MA 01970
- 978-745-6086

Board of Bar Overseers Number: 649427

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights;Negligence/A/B | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $ ............
2. Total Doctor expenses .............................................................. $ 450.00
3. Total chiropractic expenses ...................................................... $ 0.00
4. Total physical therapy expenses ............................................... $ 0.00
5. Total other expenses ................................................................. $ 0.00
   Subtotal $ 450.00

B. Documented lost wages and compensation to date ........................ $ 0.00
C. Documented property damages to date ........................................... $ 0.00
D. Reasonably anticipated future medical and hospital expenses .......... $ 0.00
E. Reasonably anticipated lost wages .................................................. $ 0.00
F. Other documented items of damages (describe) .............................. $ 0.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered head injury, neck pain and injury, and lacerations to feet, back, arms and bruises to forehead and torso.

TOTAL $ 450.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 0.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record: [signature]

DATE: 1/28/2005

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                  SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO: 05-C-0171

JEFFERY WITHAM;                    )
    Plaintiff                      )
                                   )
v.                                 )
                                   )
CITY OF SALEM, MAYOR STANLEY       )
USOVICZ, OFFICER PATRICIA MURPHY,  )         COPY
CHIEF OF POLICE ROBERT St. PIERRE, )
OFFICER DUBIEL, OFFICER SHAFFAVAL; )
    Defendants                     )

## COMPLAINT

### BACKGROUND FACTS

1. That the Plaintiff, Jeffrey L Witham, resides at 126 Boston Street, City of Salem, Commonwealth of Massachusetts.

2. That the Defendant, Officer Patricia Murphy, was a police officer on the Salem Police Department on May 25, 2003 and is incorporated herewith in her individual capacity.

3. That the Defendant, Officer Dubiel, was a police officer on the Salem Police Department on May 25, 2003 and is incorporated herewith in his individual capacity.

4. That the Defendant, Officer Shaffaval, was a police officer on the Salem Police Department on May 25, 2003 and is incorporated herewith in his individual capacity.

5. That the Defendant, Robert St. Pierre, was the Chief of Police for the Salem Police Department on May 25, 2003 and is incorporated herewith in his individual capacity.

6. That the Defendant, Stanley Usovicz, is the Mayor for the City of Salem and is incorporated herewith in his official capacity.

7. That the Defendant, City of Salem, is an established municipality in the Commonwealth of Massachusetts.

8. That on May 25, 2003, Defendant, Officer Murphy, was dispatched to take a report at 130 Boston Street for a possible violation of a restraining order.

9. That on May 25, 2003, Defendant, Officer Dubiel, was dispatched to take a report at 130 Boston Street for a possible violation of a restraining order.

10. That on May 25, 2003, Defendant, Officer Shaffaval, was dispatched to assist in the arrest of Defendant, Jeffery Witham, at 130 Boston Street for a possible violation of a restraining order.

11. That on May 25, 2003 a 209A Domestic Restraining order was in effect between Lee-Ann Curran and Jeffrey L. Witham forbidding the Plaintiff to come within 25 yards of Lee-Ann Curran.

12. That on or around 12:30 a.m. on May 26, 2003 Officer Murphy knocked on the back door of 126 Boston Street and was permitted to enter the house by the Plaintiff's mother Nancy Witham.

13. That Officer Murphy questioned Nancy Witham regarding the location of the Plaintiff and was informed by Nancy Witham that the Plaintiff was sleeping in his bedroom.

14. That Officer Murphy went to the Plaintiff's bedroom after being instructed with regards to the Plaintiff's whereabouts.

15. That the Plaintiff was awoken by Officer Murphy's voice explaining that he had violated a 209A § 7 court order forbidding him from coming within 100 yards of Lee-Ann Curran.

16. That officer Murphy informed the Plaintiff that he was under arrest for the violation of a 209A § 7 court order forbidding him from coming within 100 yards of Lee-Ann Curran.

17. That the Plaintiff sat up in his bed holding the restraining order with both hands and attempted to explain to Officer Murphy that the restraining order was only for 25 yards.

18. That Officer Murphy responded by placing a handcuff on one of the Plaintiff's wrists.

19. That Officer Murphy spun the Plaintiff around so that he was face down on his bed with his free arm located under his body.

20. That Officer Murphy placed her weight on his body immobilizing the Plaintiff's ability to move the arm.

21. That Officer Murphy asked repeatedly for the Plaintiff to release his arm from under his body.

22. That the Plaintiff was unable to comply because the weight of Officer Murphy's body had effectively pinned his arm under his body, thus making it impossible for him to comply with the officer's request.

23. That the Plaintiff repeatedly informed Officer Murphy, in response to her requests, that he was unable to comply with her request to give her his other arm.

24. That in response to the Plaintiff's inability to comply with Officer Murphy's request she withdrew her body weight from the Plaintiff's body and sprayed the Plaintiff with pepper spray.

25. That upon being sprayed the Plaintiff fell off the bed and placed his free hand over his face.

26. That Officer Murphy grabbed the hair on the left side of the Plaintiff's head and repeatedly hit his head against the metal part of the bed frame.

27. That, while the Plaintiff was on the ground, Officer Murphy repeatedly struck the Plaintiff on various parts of the body including, but not limited to, the head and torso.

28. That Officer Dubiel observed the conduct of Officer Murphy while the Plaintiff's parents requested that he intervene to control the situation.

29. That Officer Dubiel entered the room and assisted Officer Murphy in placing the handcuff on the Plaintiff's free arm.

30. That the Plaintiff did not attempt to resist the officers at any time during the arrest.

31. That the officers stood Plaintiff, Jeffrey Witham, up by pulling his arms, which were handcuffed behind his back, over his head.

32. That the officers dragged the Plaintiff out of his house backwards while holding his arms well above his head.

33. That the Plaintiff was assisted by Officer Shaffaval during the arrest.

34. That the Plaintiff was wearing only his underwear while being dragged into the street and accompanied to the Police Station.

35. That on May 26, 2003, the Plaintiff was admitted to the North Shore Medical Center Salem Hospital Emergency Department for back trauma, neck pain and injury, and abrasions to his feet, back legs, back, arms, and bruises to the forehead and torso.

36. That the Plaintiff suffers from anxiety and fear as a result of Officers Murphy, Dubiel, and Shaffaval's conduct during the arrest.

37. That the Defendant, Officer Murphy, was currently under an investigation by the Salem Police Department for her conduct in prior arrests.

38. That the Defendant, Officer Murphy, was under an investigation for her conduct as a police officer, regarding other various incidents in her capacity as a police officer.

39. That Officer Dubiel, Officer Shaffaval, Chief Robert St. Pierre, the Town of Salem, and Mayor Stanley Usovicz were aware of Officer Murphy's pattern of conduct and ongoing investigations.

## CAUSES OF ACTION

### COUNT I (Assault and Battery)

40. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

41. That as a result of the conduct of Officers Murphy and Dubiel, the Plaintiff Jeffrey Witham was put in apprehension of imminent bodily harm.

42. That Officers Murphy and Dubiel used intentional, offensive, and unprivileged force on the Plaintiff, Jeffery Witham.

43. That the use of threats and the use of force by Officers Murphy and Dubiel was excessive in the given situation.

44. That the Plaintiff, Jeffery Witham, suffered damages as a result of the conduct of the Defendants, Officers Murphy and Dubiel.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count I against the Defendants, Officer Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest and costs. Further the Defendants' actions were intentional and so extreme and outrageous as to require the imposition of punitive damages.

### COUNT II (Violation of Massachusetts Civil Rights M.G.L. c. 12 §11I)

45. That the Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

46. That the Plaintiff was placed in fear of injury and suffered damages by the intentional and excessive force used by Officers Murphy and Dubiel while they were acting under the color of state law.

47. That such excessive force violated the Plaintiff's clearly established civil right against unreasonable seizure.

48. That the Plaintiff suffered damages as a result of the conduct of the Defendants, Officers Murphy and Dubiel.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count II against the Defendants, Officers Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest, costs and attorney fees. Further the Defendants' actions were intentional and so extreme and outrageous as to require the imposition of punitive damages.

### COUNT III (Violation of Federal Civil Rights 42 U.S.C.A. §1983)

49. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

50. The Plaintiff was placed in fear of injury and suffered damages by the intentional and excessive force used by Officers Murphy and Dubiel while they were acting under the color of state law.

51. That such excessive force violated the Plaintiff, Jeffery Witham's, Fourth Amendment Constitutional Rights against unreasonable seizure.

52. That the Plaintiff suffered damages as a result of the conduct of the Defendants, Officers Murphy and Dubiel.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count III against the Defendants, Officers Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest, costs and attorney fees. Further the Defendants' actions were intentional and so extreme and outrageous as to require the imposition of punitive damages.

### COUNT IV (Reckless and Intentional Infliction of Emotional Distress)

53. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

54. That the Defendants, Officers Murphy and Dubiel, knew or should have known that emotional distress was likely to result from their conduct toward the Plaintiff, Jeffery Witham.

55. That the conduct was so extreme and outrageous and was utterly intolerable in a civilized community.

56. That Defendants, Officers Murphy and Dubiel's, actions toward the Plaintiff, Jeffery Witham, were the cause of the Plaintiff's distress.

57. That the emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure it.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count IV against the Defendants, Officers Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest and costs. Further the Defendants' actions were intentional and so extreme and outrageous as to require the imposition of punitive damages.

## COUNT V (Negligent Infliction of Emotional Distress)

58. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

59. That the Defendants, Officers Murphy and Dubiel, knew or should have known that emotional distress was likely to result from their conduct toward the Plaintiff, Jeffery Witham.

60. That the conduct was extreme and outrageous and was utterly intolerable in a civilized community.

61. That Defendants, Officers Murphy and Dubiel's, actions toward the Plaintiff, Jeffery Witham, were the cause of the Plaintiff's distress.

62. That the emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure it.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count V against the Defendants, Officers Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest and costs. Further the Defendants' actions were intentional and so extreme and outrages as to require the imposition of punitive damages.

## COUNT VI (False Imprisonment and Arrest)

63. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

64. That Officers Murphy and Dubiel physically restrained the Plaintiff, Jeffery Witham.

65. That the crime for which Officers Murphy and Dubiel physically restrained the Plaintiff, Jeffery Witham, was a misdemeanor.

66. That Officers Murphy and Dubiel had no reason to believe that the Plaintiff violated chapter 209A §7; had committed a felony; had committed a misdemeanor involving

abuse as defined in chapter 209A §1; or that the Plaintiff had committed an assault or battery.

67. That Officers Murphy and Dubiel had no reason to believe that anyone was placed in imminent fear or harm prior to the alleged violation of the restraining order.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count VI against the Defendants, Officers Murphy and Dubiel, in the amount of any and all of his damages incurred, plus interest and costs. Further the Defendants' actions were intentional and so extreme and outrageous as to require the imposition of punitive damages.

## COUNT VII (Negligence – Town of Salem)

68. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

69. That the Town of Salem and Mayor Stanley Usovicz were aware of the behavior and pattern of conduct of Officer Murphy.

70. That the failure to properly train, supervise, and remove Officer Murphy from active duty was a direct and proximate cause of the Plaintiff's injury.

71. That the Defendants, Town of Salem and Mayor Stanley Usovicz, have a duty to properly train, supervise, and remove an officer from active duty who is known to act in a way unbecoming an officer.

72. That the Plaintiff suffered damages as a result of the Defendants', Town of Salem and Mayor Stanley Usovicz's, actions.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count VII against the Defendants, the Town of Salem and Mayor Stanley Usovicz, in the amount of any and all of his damages incurred, plus interest and costs.

## COUNT VIII (Negligence)

73. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

74. That the Defendant, Chief Robert St. Pierre, was aware of the behavior and pattern of conduct of Officer Murphy.

75. That the failure to properly train, supervise, and remove Officer Murphy from active duty was a direct and proximate cause of the Plaintiff's injury.

76. That the Defendant, Chief Robert St. Pierre, has a duty to properly train, supervise, and remove an officer from active duty who is known to act in a way unbecoming an officer.

77. That the Plaintiff suffered damages as a result of the actions of Defendant, Chief Robert St. Pierre.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count VIII against the Defendant, Chief Robert St. Pierre, in the amount of any and all of his damages incurred, plus interest and costs.

## COUNT IX (Negligence)

78. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

79. That the Defendant, Officer Dubiel, was aware of the prior conduct of Defendant, Officer Murphy, and witnessed the behavior and conduct of Officer Murphy during the arrest of Plaintiff, Jeffery Witham.

80. That the failure to intervene during the arrest was a direct and proximate cause of the Plaintiff's injury.

81. That the Defendant, Officer Dubiel, had a duty to intervene during the arrest.

82. That the Plaintiff suffered damages as a result of the actions of Defendant, Officer Dubiel.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count IX against the Defendant, Officer Dubiel, in the amount of any and all of his damages incurred, plus interest and costs.

## COUNT X (Negligence)

83. The Plaintiff repeats and re-alleges by reference the allegations of paragraphs one through thirty-nine.

84. That the Defendant, Officer Shaffaval, was aware of the prior conduct of Defendant, Officer Murphy, and witnessed the behavior and conduct of Officer Murphy during the arrest of Plaintiff, Jeffery Witham.

85. That the failure to intervene during the arrest was a direct and proximate cause of the Plaintiff's injury.

86. That the Defendant, Officer Shaffaval, had a duty to intervene during the arrest.

87. That the Plaintiff suffered damages as a result of the actions of Defendant, Officer Shaffaval.

WHEREFORE, the Plaintiff, Jeffery Witham, demands judgment under Count X against the Defendant, Officer Shaffaval, in the amount of any and all of his damages incurred, plus interest and costs.

## JURY CLAIM

88. The Plaintiff, Jeffery Witham, claims a trial by jury of all claims asserted or hereafter asserted in the Complaint, and of all defenses asserted or hereafter asserted by any Defendant.

Dated: 1/28/05

Respectfully Submitted,
The Plaintiff Jeffery Witham,
By his Attorney,

John MacLachlan Esq.
MacLachlan & Allen, LLP
201 Washington Street, Ste. 4
Salem, MA 01970
(978) 745-9569
BBO #: 649427

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

he JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided y local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating e civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## (a) PLAINTIFFS
JEFFREY WITHAM

## DEFENDANTS
CITY OF SALEM, MAYOR STANLEY USOVICZ, OFFICER PATRICIA MURPHY, CHIEF ROBERT ST. PIERRE, OFFICER

(b) County of Residence of First Listed Plaintiff   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John MacLachlan, Esquire, MACLACHIAN & ALLEN, LLP, 201 Washington Street, Suite 4, Salem, MA 01970.

Attorneys (If Known)
Douglas I. Louison, Esquire, MERRICK, LOUISON & COSTELLO, LLP, 67 Batterymarch Street, Boston, MA 02110

## I. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☐ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## I. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:

## II. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## III. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

ATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**OR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____