UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10348RGS

JEFFREY WITHAM
    Plaintiff

v.

CITY OF SALEM, MAYOR STANLEY USOVICZ,
OFFICER PATRICIA MURPHY,
CHIEF ROBERT ST. PIERRE,
OFFICER DUBIEL and OFFICER SHAFFAVAL,
    Defendants

## DEFENDANTS' ANSWER AND JURY CLAIM

The defendants, City of Salem, Stanley Usovicz, Patricia Murphy, Robert St. Pierre, Peter Shaffaval, and Frederick Dubiel, hereinafter ("Defendants") answer the plaintiff's complaint as follows:

### BACKGROUND FACTS

1. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The Defendants admit that Patricia Murphy was a police officer employed by the City of Salem on May 25, 2003, but deny the remainder of the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The Defendants admit that Frederick Dubiel, was a police officer employed by the City of Salem on May 25, 2003, but deny the remainder of the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The Defendants admit that Peter Shaffaval, was a police officer employed by the City of Salem on May 25, 2003, but deny the remainder of the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The Defendants admit that Robert St. Pierre, was the Chief of Police for the City of Salem Police Department on May 25, 2003, but deny the remainder of the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The Defendants admit that Stanley Usovicz,, was the Mayor for the City of Salem Police Department on May 25, 2003, but deny the remainder of the allegations contained in paragraph 6 of the plaintiff's complaint.

7. The defendants admit the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendants admit the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendants admit the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendants admit that Sgt. Shaffaval responded to 126 Boston Street to assist Officers Murphy and Dubiel but, deny that he was dispatched to 130 Boston Street.

11. The defendants admit the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendants admit the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants admit that Officer Murphy questioned Nancy Witham regarding the location of the plaintiff but, deny that she was informed by Nancy Witham that the plaintiff was sleeping in his bedroom.

14. The defendants admit the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint.

16. The defendants admit that the plaintiff was informed that he was under arrest for violating a 209A restraining order but, deny the remainder of the allegations contained in paragraph 16 of the plaintiff's complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The defendants admit the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint.
23. The defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

25. The defendants admit that the plaintiff was sprayed with OC spray but, deny the remainder

of the allegations contained in paragraph 25 of the plaintiff's complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint.

29. The defendants admit the allegations contained in paragraph 29 of the plaintiff's complaint.

30. The defendants deny the allegations contained in paragraph 30 of the plaintiff's complaint.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint.

35. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint.

38. The defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

39. The defendants deny the allegations contained in paragraph 39 of the plaintiff's complaint.

## CAUSES OF ACTION

### COUNT I.

40. The Defendants reassert their responses to paragraphs 1-39.

41. The Defendants deny the allegations contained in paragraph 41 of the plaintiff's complaint.
42. The Defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43. The Defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the plaintiff's complaint.

### COUNT II.

45. The Defendants reassert their responses to paragraphs 1-44..

46. The Defendants deny the allegations contained in paragraph 46 of the plaintiff's complaint.

47. The Defendants deny the allegations contained in paragraph 47 of the plaintiff's complaint.

48. The Defendants deny the allegations contained in paragraph 48 of the plaintiff's complaint.

### COUNT III. (Misnumbered IV.)

49. The Defendants reassert their responses to paragraphs 1-48.

50. The Defendants deny the allegations contained in paragraph 50 of the plaintiff's complaint.

51. The Defendants deny the allegations contained in paragraph 51 of the plaintiff's complaint.

52. The Defendants deny the allegations contained in paragraph 52 of the plaintiff's complaint.

53. The Defendants deny the allegations contained in paragraph 53 of the plaintiff's complaint.

### COUNT IV.

54. The Defendants reassert their responses to paragraphs 1-53.

55. The Defendants deny the allegations contained in paragraph 55 of the plaintiff's complaint.

56. The Defendants deny the allegations contained in paragraph 56 of the plaintiff's complaint.

57. The Defendants deny the allegations contained in paragraph 57 of the plaintiff's complaint.

58. The Defendants deny the allegations contained in paragraph 58 of the plaintiff's complaint.

### COUNT V.

59. The Defendants reassert their responses to paragraphs 1-58.

60. The Defendants deny the allegations contained in paragraph 60 of the plaintiff's complaint.

61. The Defendants deny the allegations contained in paragraph 61 of the plaintiff's complaint.

62. The Defendants deny the allegations contained in paragraph 62 of the plaintiff's complaint.

63. The Defendants deny the allegations contained in paragraph 63 of the plaintiff's complaint.

### COUNT VI.

64. The Defendants reassert their responses to paragraphs 1-63.

65. The Defendants deny the allegations contained in paragraph 65 of the plaintiff's complaint.

66. The Defendants deny the allegations contained in paragraph 66 of the plaintiff's complaint.

67. The Defendants deny the allegations contained in paragraph 67 of the plaintiff's complaint.

68. The Defendants deny the allegations contained in paragraph 68 of the plaintiff's complaint.

## COUNT VII.

69. The Defendants reassert their responses to paragraphs 1-68.

70. The Defendants deny the allegations contained in paragraph 70 of the plaintiff's complaint.
71. The Defendants deny the allegations contained in paragraph 71 of the plaintiff's complaint.

72. The Defendants deny the allegations contained in paragraph 72 of the plaintiff's complaint.

73. The Defendants deny the allegations contained in paragraph 73 of the plaintiff's complaint.

## COUNT VIII.

74. The Defendants reassert their responses to paragraphs 1-73.

75. The Defendants deny the allegations contained in paragraph 75 of the plaintiff's complaint.

76. The Defendants deny the allegations contained in paragraph 76 of the plaintiff's complaint.

77. The Defendants deny the allegations contained in paragraph 77 of the plaintiff's complaint.

78. The Defendants deny the allegations contained in paragraph 78 of the plaintiff's complaint.

## COUNT IX.

79. The Defendants reassert their responses to paragraphs 1-78.

80. The Defendants deny the allegations contained in paragraph 80 of the plaintiff's complaint.

81. The Defendants deny the allegations contained in paragraph 81 of the plaintiff's complaint.

82. The Defendants deny the allegations contained in paragraph 82 of the plaintiff's complaint.

83. The Defendants deny the allegations contained in paragraph 83 of the plaintiff's complaint.

**WHEREFORE**, the defendants demand judgment in their favor together with interest, costs and attorney's fees.

### THE DEFENDANTS DEMAND A TRIAL BY JURY

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendants.

2. The Plaintiffs is estopped by his own conduct from recovering on this claim.

3. The Defendants say that the injuries or damages alleged were caused in whole or in part by the Plaintiff's conduct.

4. The Defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5. The Individual Defendants are entitled to qualified immunity.

6. The Defendants' actions were pursuant to standard policy and practice and were reasonable and proper.

7. The Defendants were justified in their conduct and acts and are therefore not liable to the Plaintiff.

8. The Defendants say that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

9. The Defendants say that their actions were performed according to, and protected by law and or legal process, and that therefore the Plaintiff cannot recover.

10. The Defendants say that they were privileged in their conduct and acts and therefore the Plaintiff cannot recover.

11. The Defendants are entitled to immunity based on good faith in that the harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have known to result from their actions.

12. The Defendants state that at all times relevant hereto they had acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as Police officers.

13. The individual Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants's official duties and the Defendant has no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

14. The Defendants say that when the Plaintiff was arrested there was probable cause for making the arrest and the Defendants were justified in so doing.

15. The Defendants say that the Plaintiff was rightly detained.

16. The Defendants say that the Plaintiff was rightly detained and with the use of no more force than was necessary to effectuate his arrest.

17. The Defendants say that their conduct, acts and alleged use of force were reasonable and justified and that therefore the plaintiff cannot recover.

18. At all times relevant hereto, the individual Defendants were police officers acting within the scope of his authority, and if physical contact was made between the Defendants and the Plaintiff, such conduct was a fair and reasonable exercise of the Defendants' police powers

and is therefore immune from liability and or an award of monetary damages.

19. The Defendants' conduct or actions were not the proximate cause of the plaintiff's alleged injuries.

20. The Plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the Plaintiff has suffered no deprivation of due process in that law affords the Plaintiff an adequate remedy.

21. The Plaintiff has failed to comply with the conditions precedent to bringing suit pursuant to M.G.L. ch. 258, and as a result this action must be dismissed.

22. The Individual Defendants are immune from this action pursuant to M.G.L. ch 258, and therefore the action against them must be dismissed.

23. The plaintiff has failed to bring his claim within the applicable statute of limitations and therefore, his claim is barred.

24. The plaintiff has failed to comply with F.R.Civ.P. 12(b)(5).

25. The plaintiff's arrest was supported by probable cause.

26. The plaintiff failed to present his claim pursuant to M.G.L. c. 258 § 4.

>Defendants, City of Salem, Stanley Usovicz, Patricia Murphy, Robert St. Pierre, Peter Shaffaval, and Frederick Dubiel
>by their attorneys,

>/S/James W. Simpson, Jr.
>Douglas I. Louison   BBO# 545191
>James W. Simpson, Jr. BBO#634344
>MERRICK, LOUISON & COSTELLO, LLP
>67 Batterymarch Street
>Boston, MA 02110
>(617) 439-0305

**CERTIFICATE OF SERVICE**

    I, James W. Simpson, Jr., certify that on the 15th day of March, 2005  I served the foregoing on counsel for the plaintiff, John MacLachlan, Esq., MacLachlan & Allen, LLP., 201 Washington Street, Suite 4, Salem, MA 01970.

                                              /S/James W. Simpson, Jr.
                                              James W. Simpson, Jr.